UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-025-JLQ |
| ) Plaintiff, ) | ORDER STAYING PROCEEDINGS ON MOTION TO VACATE SENTENCE |
| vs. ) | |
| WILLIAM BACON, ) | |
| ) Defendant. ) | |

BEFORE THE COURT is Defendant's Motion to Vacate Sentence (ECF No. 76). Response and Reply briefs have been filed. The court heard oral argument on July 21, 2016. Defendant was represented by Assistant Federal Public Defender Matthew Campbell. Assistant United States Attorney Timothy Ohms appeared for the Government. The Government agreed the matter should be stayed, and Defendant opposed a stay. This Opinion memorializes and supplements the court's oral rulings.

**I. Introduction and Background**

Defendant pled guilty, on June 4, 2010, pursuant to a Plea Agreement, to one count of Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j). The maximum statutory penalty for the conviction was a term of 10 years. The Plea Agreement (ECF No. 57) was pursuant to Fed.R.Crim.P. 11(c)(1)(C) under which the parties stipulated to a sentence of 120 months. Under Rule 11(c)(1)(C), the recommended sentence of the parties "binds the court once the court accepts the plea agreement". On August 6, 2010, the court accepted the Plea Agreement and imposed the agreed upon sentence of 120 months. No direct appeal was taken, and Defendant has not previously filed a § 2255

ORDER - 1

motion.

The instant Motion argues *Johnson v. United States*, 135 S.Ct. 2251 (2015) applies to the so-called 'residual clause' of United States Sentencing Guideline § 4B1.2(a)(2), and applies retroactively to this case on collateral review. The Motion contends, "Mr. Bacon's sentence was enhanced on the basis of a now unconstitutional provision of the U.S. Sentencing Guidelines". (ECF No. 76, p. 33).

**II. Discussion**

A motion pursuant to § 2255 must generally be filed within one-year of "the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(f)(1). Defendant's Judgment was entered in 2010 and the instant Motion is not timely under subsection (f)(1). Defendant invokes (f)(3) which provides for one-year from: "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The one-year period runs from the date on which the right was "initially recognized" even if it has not yet been made retroactive. See *Dodd v. United States*, 125 S.Ct. 2478 (2005). The Supreme Court in *Welch v. United States*, 136 S.Ct. 1257 (April 18, 2016), found *Johnson* did apply retroactively to cases on collateral review where a defendant was challenging an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Supreme Court held, "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, Slip. Op. p. 15.

*Welch* is not directly on point as to Bacon's challenge. Bacon's sentence was not enhanced based on the ACCA. He was not sentenced to a 15-year mandatory minimum term. Instead, Bacon makes a challenge to his Guideline determination. Some Circuit courts have denied leave to proceed with an argument on collateral review that *Johnson* applies to the Guidelines. See for example *Donnell v. United States*, __F.3d __; 2016 WL 3383831 (8th Cir. June 20, 2016)("Donnell's successive motion seeks to assert a new right

ORDER - 2

that has not been recognized by the Supreme Court or made retroactive on collateral review. His motion urges the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines."); *In re Stine*, Case No. 16-40505 (5th Cir. June 2, 2016)(stating "...the Supreme Court has not taken a position on whether Johnson applies to the Guidelines. Further, even if *Johnson* does implicate USSG § 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review."). Other courts have found the *Johnson* analysis applies to the Guidelines. See for example *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016)(holding the residual clause of USSG § 4B1.2(a) is unconstitutionally vague).

The Ninth Circuit has not held the analysis of *Johnson* applies to invalidate the 'residual clause' of USSG § 4B1.2(a). In *United States v. Willis*, 795 F.3d 986, 996 (9th Cir. July 29, 2015), the court stated, "It is an open question, however, whether this residual clause [in 4B1.2(a)] remains valid in light of *Johnson*". The court then reiterated: "But we have not yet considered whether the due process concerns that led *Johnson* to invalidate the ACCA residual clause as void for vagueness are equally applicable to the Sentencing Guidelines." *Id.* Then in *United States v. Lee*, 821 F.3d 1124 (9th Cir. May 6, 2016), the Ninth Circuit explicitly did not decide the question: "We decline to decide whether *Johnson*'s reasoning extends to the Sentencing Guidelines...." (Slip Op. page 8, n. 2). More recently, the Ninth Circuit again repeated it "is an open question whether § 4B1.2(a)(2)'s residual clause remains valid in light of *Johnson*, although several circuits, including ours, have signaled concern about its constitutionality." *United States v. Torres*, __F.3d__; 2016 WL 3770517 (9th Cir. July 14, 2016). The *Torres* court cited to *Willis* as the case wherein concern had been expressed, but the *Willis* case speaks for itself, and therein the court merely stated "we have not yet considered" whether the *Johnson* due process analysis applies to the Guidelines and stated it "need not resolve this issue." 795 F.3d at 996. This court reads

ORDER - 3

*Willis* as expressing no opinion on the merit of such claim.

The Defendant argues the Ninth Circuit has recently begun granting authorization for successive § 2255 petitions in cases presenting a *Johnson* challenge to the Guidelines–citing to *Williams*, No. 16-70558, and *Wilson*, No. 15-73778. (ECF No. 88, p. 15). However, the court did so in an Order which also stated: "The district court may wish to stay proceedings pending this court's decisions in 15-72559, *Gardner v. United States*, 15-73302, *Jacob v. United States*, and 14-10080, *Begay v. United States*." See Wilson, (Docket Entry 11, Order of June 1, 2016). Some appellate courts have gone further than suggesting district courts stay proceedings, and have directed they do so. See *Blow v. United States*, __F.3d__; 2016 WL 3769712 (2nd Cir. July 14, 2016)(granting leave to pursue a successive § 2255 petition and stating, "because the Supreme Court will likely decide in *Beckles* whether *Johnson* applies retroactively to the Guidelines, the district court is instructed to hold Blow's § 2255 motion in abeyance pending the outcome of *Beckles*.")

The Ninth Circuit's *Gardner* and *Jacob* cases are both cases which present the issue of whether *Johnson* applies to the Guidelines. On June 27, 2016, an Order was issued in both *Gardner* and *Jacob* which stated: "Submission of these cases is deferred pending decision of the Supreme Court in *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016). It appears the Ninth Circuit will not rule on the issue of whether the *Johnson* analysis applies to the Guidelines, but rather will await the Supreme Court's determination in *Beckles*. The petition for certiorari in *Beckles* presented the following issues:

> 1. Whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)?
> 2. Whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review?
> 3. Whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson?

ORDER - 4

As the Supreme Court now has before it the issues of whether *Johnson*'s constitutional holding applies to USSG § 4B1.2(a)(2), and if so, whether it applies retroactively to cases on collateral review, this court finds it is appropriate to stay this action pending the *Beckles* decision. Neither the Ninth Circuit or the Supreme Court has held *Johnson* applies to the Guidelines, and the court finds it appropriate to await *Beckles* before entertaining the merits of the Motion.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Sentence (ECF No. 76) is **STAYED** pending disposition of *Beckles v. United States*, No. 15-8544.

2. The parties shall promptly inform the court of any disposition in *Beckles,* and may file a Notice of Supplemental Authority should the Ninth Circuit Court of Appeals rule on the application of *Johnson* to the Guidelines in advance of the disposition of *Beckles*.

3. After disposition of *Beckles*, the court will promptly make a determination as to whether further hearing and/or supplemental briefing is required.

**IT IS SO ORDERED**. The Clerk shall enter this Order and furnish copies to counsel.

Dated this 28th day of July, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5