1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
8   UNITED STATES OF AMERICA,              )
                                           )   No.  CR-10-025-JLQ
9                                          )
                            Plaintiff,     )   ORDER GRANTING MOTION
10         vs.                             )   TO LIFT STAY AND TAKING
                                           )   UNDER SUBMISSION
11                                         )
12  WILLIAM BACON,                         )
                                           )
13                          Defendant.     )
                                           )
14                                         )
                                           )
15  _____  )

16         BEFORE THE COURT is Defendant's Motion to Reconsider Order Granting a
17  Stay (ECF No. 96), which asks this court to lift the stay imposed on July 28, 2016.  This
18  court has stayed the matter pending disposition of *Beckles v. United States*, No. 15-8544,
19  which is currently pending before the United States Supreme Court.  In *Beckles*, the
20  Supreme Court has granted certiorari on the issues of whether the constitutional holding
21  from *Johnson v. United States*, 135 S.Ct. 2251 (2015) applies to the United States
22  Sentencing Guidelines, specifically the residual clause of USSG § 4B1.2(a)(2), and
23  secondly if it does apply, does it apply retroactively to cases on collateral review.  The
24  Government filed a Response (ECF No. 98) on September 1, 2016, and Defendant has
25  filed a Reply (ECF No. 99).  The Motion was submitted without oral argument.
26      **I.  Discussion**
27         Defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 argues
28  ORDER - 1

*Johnson* applies to the so-called 'residual clause' of United States Sentencing Guideline § 4B1.2(a)(2), and applies retroactively to this case on collateral review. The Motion contends, "Mr. Bacon's sentence was enhanced on the basis of a now unconstitutional provision of the U.S. Sentencing Guidelines". (ECF No. 76, p. 33). Thus, Defendant's Motion to Vacate presents issues likely to be decided by the Supreme Court in *Beckles*. The court therefore raised the appropriateness of a stay with counsel at oral argument. The Government concurred, but Defendant opposed a stay. The court entered an Order staying the matter on July 28, 2016, and Defendant now seeks reconsideration.

This court's Order (ECF No. 95) cited to several orders in which courts had suggested, or directed, a stay of proceedings pending *Beckles*. Two of those were the Ninth Circuit cases of *Gardner* and *Jacobs*. Defendant now claims "the Ninth Circuit has lifted the stay in *Gardner* and *Jacobs* and directed the district court to address the merits of petitioners' claims." (ECF No. 96, p. 2). The lifting of the stay in *Gardner* and *Jacobs* merely allowed a successive petition to be filed. It did not determine the question of *Johnson*'s applicability to the Guidelines, nor did the order direct the district court to address the merits. The August 1, 2016 Orders in *Gardner* and *Jacobs* merely transferred the petitions to the respective district courts.

The Sixth Circuit thoughtfully addressed this issue in *In re: Embry*, __F.3d__, 2016 WL 4056056 (6th Cir. July 29, 2016). Although the Sixth Circuit has already found *Johnson* applies to the Guideline's residual clause, the court acknowledged such holding did not answer the question of whether a successive § 2255 petition should be allowed. A successive petition requires a new rule "made retroactive to cases on collateral review by the Supreme Court." *Id.* at *1 citing 28 U.S.C. 2255(h)(2). With *Beckles* pending, the Sixth Circuit considered the best manner in which to process these claims, and concluded: "it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and ask the district courts to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*." *Id.* at *4. The Sixth Circuit favors allowing an inmate who

ORDER - 2

is raising a *Johnson*/Guidelines challenge to file a successive § 2255 petition, but then recommends the district court stay the action pending *Beckles*.

Defendant objects to the stay as "indefinite", but that is not a completely accurate characterization. This court's Order stayed the matter pending "disposition" of *Beckles*. There is near certainty *Beckles* will be disposed of by the end of the next Supreme Court term in June 2017, whether via decision on the merits or as Defendant suggests, a dismissal as improvidently granted or affirmance by an equally divided court. The court does not view as "indefinite" a stay of at most 9 or 10 months. The Supreme Court may rule in a prompt fashion, as it did last year in *Welch v. United States*, where the court held *Johnson* applies retroactively to cases on collateral review. *Welch* was decided less than three weeks after oral argument.

Defendant also cites to *Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000) and *Jones v. Shell*, 572 F.2d 1278 (8th Cir. 1978) in support of the argument that it is inappropriate to stay a habeas petition. Although the *Yong* decision does not preclude the issuance of a stay in a habeas proceeding, the court did state: "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. Defendant argues he will suffer prejudice from a stay and is serving an "unlawful sentence." (ECF No. 96, p. 9). The statutory maximum sentence on the crime of conviction is 10 years, and Defendant has served approximately six and a half years. He has not served a period of time that exceeds the amount authorized by his conviction.

The *Yong* court instructs when evaluating a stay in a habeas proceeding, the court "must balance the length of the stay against the strength of the justification given for it." 208 F.3d at 1119. The Government now argues in favor of the stay, but the issue was first raised by the court, and Defendant has strenuously opposed the stay. The Government argues the stay "is based on reasonable grounds and is tailored to minimize any undue delay." (ECF No. 98, p. 9). The Government states a *Beckles* decision "would

appear to have great weight on the issues decided in Defendant's Motion," but then further states it "does not believe the Supreme Court's decision in *Beckles* should impact the Court's ruling." (ECF No. 98, p. 3).  In Reply, Defendant argues "any further delay of the consideration of his petition results in him serving time under an unconstitutional sentence." (ECF No. 99, p. 7).  Of course, Defendant's prejudice argument relies on the assumption  his petition will be meritorious.  In contrast, the Government argues that even if the Supreme Court were to rule in *Beckles* that *Johnson* applies to the Guidelines, Defendant would still not be entitled to relief.

## II.  Conclusion

A stay in this matter was an appropriate course of action.  The court rejects Defendant's argument the stay issued herein implicates the Suspension Clause of the Constitution.  The issuance of a stay is discretionary, and the Ninth Circuit has instructed in evaluating a stay in a habeas proceeding, the court "must balance the length of the stay against the strength of the justification given for it." *Yong*, 208 F.3d at 1119.  The court has considered it first raised the issue of a stay *sua sponte*, and Defendant strenuously opposes a stay as evidenced by the Motion to Reconsider.  The court has considered the Government's position, which defends a stay, but acknowledges  a decision in *Beckles* may not impact consideration of the petition. The court has also considered  the briefing schedule in *Beckles* extends through October and it has not yet been calendared for oral argument[1].  These considerations have led the court to exercise its discretion and lift the stay.  This Order is not an expression in any manner of the merits of the Motion to Vacate (ECF No. 76).

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reconsider Order Granting a Stay (ECF No. 96) is **GRANTED**.

2. The Motion to Vacate (ECF No. 76) has been fully briefed and argument was

---

[1]Per calendar and docket available at www.supremecourt.gov last visited Sept. 7, 2016.
ORDER - 4

heard.  The Motion is now deemed submitted for decision.

**IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies  to counsel.

Dated this 7th day of September, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5