1

2

3

4          UNITED STATES DISTRICT COURT

5          EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,          )
                                       )   No.  CR-10-025-JLQ
8                                      )
                        Plaintiff,     )   MEMORANDUM OPINION
9                                      )   AND ORDER RE: MOTION TO
        vs.                            )   VACATE SENTENCE PURSUANT
10                                     )   TO 28 U.S.C. § 2255
                                       )
11  WILLIAM BACON,                     )
                                       )
12                      Defendant.     )
    _____   )
13
            BEFORE THE COURT is Defendant's Motion to Vacate Sentence (ECF No. 76).
14
    Response and Reply briefs have been filed.  The court heard oral argument on July 21,
15
    2016.  Defendant was represented by Assistant Federal Public Defender Matthew
16
    Campbell at oral argument and Assistant Federal Public Defender Alison Guernsey on
17
    the briefs.  Assistant United States Attorney Timothy Ohms appeared for the
18
    Government.  This Opinion memorializes and supplements the court's oral rulings.
19
        **I.  Introduction and Background**
20
            Defendant pled guilty, on June 4, 2010, pursuant to a Plea Agreement, to one count
21
    of Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j).  The maximum
22
    statutory penalty for the conviction was a term of 10 years.  The Plea Agreement (ECF
23
    No. 57) was pursuant to Fed.R.Crim.P. 11(c)(1)(C) under which the parties stipulated to
24
    a sentence of 120 months.  Under Rule 11(c)(1)(C), the recommended sentence of the
25
    parties "binds the court once the court accepts the plea agreement."  On August 6, 2010,
26
    the court accepted the Plea Agreement and imposed the agreed upon sentence of 120
27
    months.  No direct appeal was taken, and Defendant has not previously filed a § 2255
28
    ORDER - 1

motion.

The instant Motion argues *Johnson v. United States*, 135 S.Ct. 2251 (2015)(hereafter "*Johnson*") applies to the so-called 'residual clause' of United States Sentencing Guideline § 4B1.2(a)(2), and applies retroactively to this case on collateral review. The Motion contends, "Mr. Bacon's sentence was enhanced on the basis of a now unconstitutional provision of the U.S. Sentencing Guidelines". (ECF No. 76, p. 33). On July 28, 2016, the court issued an Order (ECF No. 95) staying the matter to await the Supreme Court's disposition of *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016). Defendant then filed a Motion to Reconsider the Stay, which on September 7, 2016, this court granted and took the Motion to Vacate under submission. (ECF No. 100).

**II. Timeliness**

A motion pursuant to § 2255 must generally be filed within one-year of "the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(f)(1). Defendant's Judgment became final in 2010 and the instant Motion is not timely under subsection (f)(1). Defendant invokes (f)(3) which allows a defendant to bring a motion within one-year from: "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The one-year period runs from the date on which the right was "initially recognized" even if it has not yet been made retroactive. See *Dodd v. United States*, 125 S.Ct. 2478 (2005). The Supreme Court in *Welch v. United States*, No. 15-6418 (April 18, 2016), found *Johnson* did apply retroactively to cases on collateral review where a defendant was challenging an enhanced sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Supreme Court held, "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, Slip. Op. p. 15.

*Welch* is not directly on point as to Bacon's challenge. Bacon's sentence was not

ORDER - 2

enhanced based on the ACCA. He was not sentenced to a 15-year mandatory minimum. Instead, Bacon makes a challenge to his Guideline determination. Some Circuit courts have denied leave to proceed with an argument on collateral review that *Johnson* applies to the Guidelines. <u>See for example</u> *Donnell v. United States*, \_\_F.3d \_\_ (8th Cir. June 20, 2016)("Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review. His motion urges the creation of a second new rule that would apply *Johnson* and the constitutional vagueness doctrine to a provision of the advisory sentencing guidelines."); *In re Stine*, Case No. 16-40505 (5th Cir. June 2, 2016)(stating "...the Supreme Court has not taken a position on whether Johnson applies to the Guidelines. Further, even if *Johnson* does implicate USSG § 4B1.2(a)(2), the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review.").

The Ninth Circuit has not held the analysis of *Johnson* applies to invalidate the 'residual clause' of USSG § 4B1.2(a). In fact, the Ninth Circuit has previously rejected a constitutional void for vagueness challenge to § 4B1.2(a)(2). <u>See</u> *United States v. Spencer*, 724 F.3d 1133, 1146 (9th Cir. 2013)("We also hold that Spencer's claim that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague is foreclosed by Supreme Court precedent."). It is true the Supreme Court cases relied on by the court in *Spencer* were overruled by the Supreme Court in *Johnson*, but that does not answer the question now before the court, as demonstrated by recent decisions of the Ninth Circuit referring to the issue as an "open question". In *United States v. Willis*, 795 F.3d 986, 996 (9th Cir. July 29, 2015), the court stated, "It is an open question, however, whether this residual clause [in 4B1.2(a)] remains valid in light of *Johnson*". The court then reiterated: "But we have not yet considered whether the due process concerns that led *Johnson* to invalidate the ACCA residual clause as void for vagueness are equally applicable to the Sentencing Guidelines." *Id.* More recently in *United States v. Lee*, 821

ORDER - 3

F.3d 1124 (9th Cir. 2016), the Ninth Circuit explicitly did not decide the question: "We decline to decide whether *Johnson*'s reasoning extends to the Sentencing Guidelines...." (*Id*. at 1127 n. 2).

The Supreme Court now has before it the issue of whether *Johnson*'s constitutional holding applies to USSG § 4B1.2(a)(2), and if so, whether it applies retroactively to cases on collateral review.  If the Supreme Court has not yet ruled on retroactivity, arguably Bacon cannot satisfy the requirement of § 2255(f)(3).  There is a valid argument to be made, that at this juncture, this court should find Bacon's claim time-barred.  However, the Government has not argued the court should decline to consider the merits of the Motion based on the 1-year period of limitation in § 2255(f), and the court will proceed to the merits.

**III.  Defenses to the Motion**

The Government advances three preliminary defenses to the Motion which do not require a determination of whether *Johnson*'s constitutional Due Process holding applies to the Guidelines or whether Bacon's prior convictions count as predicate "crimes of violence" under USSG § 4B1.2.  The Government argues: 1) Defendant waived his right to bring a § 2255 Motion in the Plea Agreement; 2) Defendant's sentence was not based on the Sentencing Guidelines; and 3) Defendant's Guideline calculation was not based on the residual clause of 4B1.2(a)(2).

A.  Waiver in Plea Agreement

The Plea Agreement provides, at Paragraph 15, the following: "The Defendant expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence." (ECF No. 57, ¶ 15).  The waiver of the right to collaterally attack a sentence pursuant to § 2255 in a plea agreement is enforceable if

ORDER - 4

express, knowing, and voluntary. *United States v. Reves*, 774 F.3d 562, 566 (9th Cir. 2014) <u>citing</u> *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

The Plea Agreement waiver language was discussed with the Defendant at his change of plea colloquy. (Transcript at ECF No. 81, p. 32-34). As the Government candidly points out in its Brief (ECF No. 86, p. 11), the discussion and explanation of the waiver language at the plea colloquy may have given it an interpretation which allows for Defendant's instant challenge. After the plea colloquy exchange with the Defendant concerning the waiver, the court stated: "So the only thing left that's not being waived is a violation of your constitutional rights based upon information you're not aware of today or a claim that Ms. Deater has not provided you effective assistance of counsel. That's the only thing that's left." (ECF No. 86, p. 34). It may be the intent of the Plea Agreement was to waive any Section 2255 motion except one based on ineffective assistance and based on <u>factual</u> information not known to the Defendant. However, the phrase "based on information not now known" could be construed to encompass changes in the law. *Johnson* had not been decided when Defendant entered his plea in 2010, nor for that matter was the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) in existence at the time of his plea. The court construes this ambiguity in favor of the Defendant, and does not enforce the waiver. Additionally, Defendant argues his sentence is in violation of the Constitution. <u>See</u> *United States v. Torres*, __F.3d__(9th Cir. July 14, 2016)(an appellate waiver will not be enforced "if a defendant's sentence is illegal, which includes a sentence that violates the Constitution").

B.  Was the Sentence Based On the Guidelines?

The Government argues the 120-month sentence was not based on the Sentencing Guidelines, and therefore even if *Johnson* applies to the Guidelines, and applies retroactively, it would still not impact Defendant's sentence. The Government argues the Defendant, during plea negotiations, recognized the litigation risk that he may be found to be an Armed Career Criminal, subject to a mandatory minimum 15-year sentence, and

ORDER - 5

thus "Defendant chose to mitigate through a negotiated resolution that included a stipulated sentence of 10 years." (ECF No. 86, p. 10).  The Government relies on *Freeman v. United States*, 131 S.Ct. 2685 (2011), in support of the argument that even if *Johnson* has invalidated the residual clause of USSG § 4B1.2(a), Defendant's sentence was not based on the Guidelines, and the 11(c)(1)(C)stipulated sentence is not affected.

In *Freeman*, a four-Justice plurality of the Court stated: "In every case the judge must exercise discretion to impose an appropriate sentence.  This discretion, in turn, is framed by the Guidelines.  And the Guidelines must be consulted, in the regular course...". *Id*. at 2690.  The plurality further stated: "Even when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines." *Id*. at 2695.  The Ninth Circuit's recent opinion in *United States v. Davis*, 825 F.3d 1014, 1028 (9th Cir. 2016), embraced "the *Freeman* plurality approach as the most persuasive means of analyzing sentence reductions in the context of Rule 11(c)(1)(C) plea agreements."

Here, the Guideline range was calculated in the Presentence Report ("PSR"), and considered by the court.  The Guideline range of 70 to 87 months was considerably lower than the agreed sentence of 120 months.  It is clear from the record the parties negotiated the agreement in light of the possibility the Defendant could be subject to a 15-year mandatory minimum as an Armed Career Criminal under 18 U.S.C. 924(e)[1].  At sentencing, Assistant United States Attorney Ohms stated: "The Government is asking the Court to impose a sentence of 120 months based upon the nature of the Defendant's criminal history and the fact the criminal history would qualify him for – or likely qualify him as an armed career criminal ...". (ECF No. 72, p. 4).  The Plea Agreement (ECF No. 57) stated the parties' agreement as to the base offense level, and a possible reduction for acceptance of responsibility.

---

[1]Defendant was originally charged with violation of 18 U.S.C. § 922(g)(1), which put the 924(e) enhancement and mandatory minimum at issue.

ORDER - 6

A review of the record indicates the Guideline range of 70 to 87 months had little impact on the sentence imposed.  However, the Guideline range had some effect on the court's decision to accept the 11(c)(1)(C) Plea Agreement. See *Peugh v. United States*, 133 S.Ct. 2072 (2013)(referring to the Guidelines as a "starting point", "initial benchmark", and "lodestone").  The court finds, based on *Freeman* and *Davis*, Defendant's instant challenge is not precluded based on the Defendant having entered into a binding 11(c)(1)(C) Plea Agreement which agreed to a sentence in excess of the applicable Guideline range.

C.  Defendant's Sentence Not Based on Residual Clause

In *Johnson*, the Supreme Court invalidated the residual clause of 924(e)(2)(B)(ii), and then specifically stated: "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563.   The Government argues Defendant's prior convictions for Second Degree Rape and Second Degree Kidnapping were **not** found to be crimes of violence based on the residual clause, and therefore the finding remains undisturbed by *Johnson*.  The Government is clearly correct that Defendant's sentence was not based on the residual clause of 18 U.S.C. § 924(e).  Defendant argues the sentence was enhanced based on the identical residual clause in USSG § 4B1.2, as referenced in § 2K2.1.  Defendant argues without the enhancement his offense level would have been 14, with a corresponding Guideline range of 24 to 30 months.  (ECF No. 76, p. 3-4).

Bacon's base offense level of 24 was determined based on his having sustained at least two prior convictions for crimes of violence. (Presentence Report at ECF No. 66, ¶ 23).  The Probation Office considered as qualifying "crimes of violence" a Residential Burglary conviction in violation of RCW 9A.52025; Second Degree Kidnapping in violation of RCW 9A.40.030(a); and Second Degree Rape in violation of RCW 9A.44.050(1).  Both kidnapping and "forcible sex offenses" are listed as crimes of

ORDER - 7

violence under Application Note 1 to USSG § 4B1.2.  The parties now appear to dispute whether being listed in the Application Note makes the offense an 'enumerated' offense, or whether the offenses listed in the Application Note are examples of 'residual clause' offenses. At the time of sentencing the Guideline calculation was not contested, and the court issued no written opinion concerning the Guideline calculation. Therefore the record does not conclusively demonstrate on what basis the court found the prior convictions qualified as "crimes of violence".  The court could have relied on: 1) § 4B1.1(a)(1) the so-called 'elements' or 'force' clause; 2) the list of offenses in the Application Notes; or 3) the residual clause of § 4B1.2(a)(2).  Defendant argues when the record is unclear as to how the court made the "crime of violence" determination in the Guidelines, the Defendant should be given the benefit of the doubt.

The Ninth Circuit has previously stated the offenses listed in Application Note 1 to 4B1.2 are "per se crimes of violence". *United States v. Asberry*, 394 F.3d 712, 716 (9th Cir. 2005)("definition of 'crime of violence' in section 4B1.2, which included 'forcible sex offenses' among per se 'crimes of violence' enumerated in the commentary").  The Ninth Circuit has maintained that the comments list "per se crimes of violence" even after *Johnson*. See *United States v. Mendoza-Padilla*, __F.3d__; 2016 WL 4363167 (9th Cir. 2016)(stating the fact an offense is specifically enumerated in the Sentencing Guidelines' definition strongly indicates it qualifies as a crime of violence, but does not end the inquiry).  The *Mendoza-Padilla* court cited affirmatively to *United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007)("When an offense is specifically enumerated by the Application Notes as a 'crime of violence,' we have consistently drawn the conclusion that the offense is a per se crime of violence under the Guidelines.")

Kidnapping and forcible sex offense are enumerated in Application Note 1 to 4B1.2 and are "per se" crimes of violence.  Therefore, the Government may be correct the court did not previously rely on the "residual clause" of § 4B1.2(a)(2).  As the record is unclear, the court will presume for the purposes of this Motion that it did rely on the

ORDER - 8

1    residual clause of § 4B1.2(a)(2) and reject the Government's argument. However, even
2    presuming the court did rely on the so-called residual clause, Defendant must
3    demonstrate the constitutional Due Process holding of *Johnson* applies to the advisory
4    Sentencing Guidelines.

5    **IV. Does the Constitutional holding of *Johnson* Apply to USSG 4B1.2?**

6         As Defendant has vigorously opposed a stay, this court must determine, based on
7    the existing state of the law, whether Defendant is entitled to relief. The court concludes
8    he is not. Defendant argues he is currently entitled to relief under *Reina-Rodriquez v.*
9    *United States*, 655 F.3d 1182 (9th Cir. 2011). (ECF No. 96, p. 3). Defendant states *Reina-*
10   *Rodriguez* "obligates this court to conclude that the rule in *Johnson* applies retroactively
11   on collateral review." (*Id.*). Defendant is clearly mistaken that *Reina-Rodriguez* controls
12   the outcome. If *Reina-Rodriguez* was controlling, the Ninth Circuit would not have
13   stated on three subsequent occasions that it had not decided the issue. <u>See</u> *United States*
14   *v. Willis*, 795 F.3d 986, 996 (9th Cir. July 29, 2015)("It is an open question, however,
15   whether this residual clause [in 4B1.2(a)] remains valid in light of *Johnson*"); *United*
16   *States v. Lee*, 821 F.3d 1124, 1127 n.2 (9th Cir. 2016) (May 6, 2016)("We decline to
17   decide whether *Johnson*'s reasoning extends to the Sentencing Guidelines...."); *United*
18   *States v. Torres*, 2016 WL 3770517 (9th Cir. July 14, 2016)("It is an open question
19   whether 4B1.2(a)(2)'s residual clause remains valid in light of Johnson, although several
20   circuits, including ours, have signaled concern about its constitutionality").

21        The *Torres* court, in stating the Ninth Circuit had previously signaled "concern"
22   cites to *Willis*. However, *Willis* only states that the issue remains undecided: "But we
23   have not yet considered whether the due process concerns that led *Johnson* to invalidate
24   the ACCA residual clause as void for vagueness are equally applicable to the Sentencing
25   Guidelines." 795 F.3d at 995. When the Ninth Circuit, in 2013, addressed the question
26   of whether 4B1.2(a)(2)'s residual clause was unconstitutionally void for vagueness, it
27   found it was not. <u>See</u> *United States v. Spencer*, 724 F.3d 1133, 1146 (9th Cir. 2013)("We

28   ORDER - 9

also hold that Spencer's claim that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague is foreclosed by Supreme Court precedent."). The *Spencer* court relied on *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 131 S.Ct. 2267 (2011), both of which were overruled in *Johnson*.  However, *Johnson*'s overruling of the precedent which *Spencer* found to foreclose a challenge, does not answer the ultimate question of whether the constitutional Due Process analysis of *Johnson* is transferable to an advisory Sentencing Guideline.  If *Spencer*'s holding was obviously invalidated by *Johnson*, the Ninth Circuit would not have declined on three occasions to state the obvious conclusion. See *Willis, Lee*, and *Torres* supra.

The Sixth Circuit keenly observed: "Before a court could invoke *Johnson* to invalidate the residual clause of the Guidelines, it would have to resolve a threshold question: Do the due process concerns about notice and arbitrary enforcement that undergrid the prohibition on vague criminal statutes, apply to the advisory Sentencing Guidelines?" *In re Embry*, __F.3d__; 2016 WL 4056056 (6th Cir. July 29, 2016).  Many courts which have applied *Johnson* to the Guidelines have not undertaken the due process analysis.  Sometimes the lack of analysis is a direct result of the Government's concession, in cases on direct appeal, that *Johnson*'s analysis does apply to the Guidelines. See *Embry* at *2 ("many of the courts that have confronted the issues, including ours in *Pawlak*[2], have permitted vagueness challenges to the Guidelines' residual clause in the wake of *Johnson*, often (it bears noting) because the government has conceded the point.").  In many cases the Government has taken the nuanced position that *Johnson* applies to the Guidelines in cases on direct appeal, but not on collateral review.

There is currently a Circuit split on the issue of whether the constitutional holding of *Johnson* should be applied to the advisory sentencing Guidelines.  There are valid arguments to be made on each side. See *Embry* at * 3 ("A distinction between the

---

[2]United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016).

ORDER - 10

application of the vagueness doctrine to mandatory sentencing increases and to advisory sentencing increases is a reasonable one, as confirmed by the many jurists who have adopted it."). The Seventh Circuit, in an en banc decision, recently held the residual clause in 4B1.2(a)(2) is unconstitutionally vague. *United States v. Hurlburt*, 2016 WL 4506717 (7th Cir. Aug. 29, 2016). Illustrating the validity of the arguments on both sides, *Hurlbur*t was a 5-to-4 decision, with Judges Posner, Easterbrook, Hamilton, and Flaum in dissent. The dissenters in *Hurlburt* argued the most appropriate course would have been to await the Supreme Court's decision in *Beckles*, but "if we must reach the merits now ... the so-called 'residual clause' in the advisory Guideline definition of a crime of violence, see USSG 4B1.2(a)(2), is not unconstitutionally vague because it is only advisory." *Id*. at *8. The dissenters point out that in sentencing under the Guidelines, the court examines what the defendant actually did under the § 3553(a) factors and § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Thus regardless of whether the court finds the prior conviction to be for a "crime of violence" under an advisory Guideline, the court may still consider the underlying facts of the crime. Therefore, the dissenters argue: "if guideline sentences are remanded on the theory that *Johnson* should apply to the advisory Guidelines, in every case that is remanded the district court will be free to impose exactly the same sentence again. In fact, the district courts probably *should* do so." *Id*. at *10 (emphasis in original).

The Eleventh Circuit in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) was one of the first courts to address the issue and held *Johnson* does not apply to the advisory Guidelines. When *Matchett* was decided on September 21, 2015, it stated: "No circuit has held in a published opinion that advisory guidelines can be unconstitutionally vague." 802 F.3d at 1196. Since that time, several courts have concluded that *Johnson* does apply, often as discussed *supra*, without rigorous analysis but rather based on the

ORDER - 11

Government's concession that in cases on direct appeal *Johnson* does apply to invalidate the residual clause. The Eleventh Circuit recently issued an Order declining to take *Matchett* en banc, accompanied by several concurring and dissenting opinions. __F.3d__; 2016 WL 4757211 (11th Cir. Sept. 13, 2016). Judges Pryor and Carnes, who have both served on the Sentencing Commission, wrote in agreement with the denial of rehearing *Matchett* en banc. Regarding the Circuit split, Judge Pryor defended the contention that *Matchett* was an outlier, and stated many of the Circuits who have applied *Johnson* "assumed, based on the government's concession, that the advisory guidelines could be void for vagueness. Such assumptions are not holdings and do not create precedent." *Id.* at *9. He states, "by my count, the circuits are split 5-3 and the states generally agree with Matchett." *Id.* Whatever the correct count, it is clear there is reasonable disagreement on whether *Johnson*'s constitutional Due Process holding should be applied to the Guidelines.

One of the more important cases on the question of whether the Due Process concerns recognized in *Johnson* should apply to an advisory sentencing guideline is *Irizarry v. U.S.*, 553 U.S. 708 (2008). There the court dealt with whether Fed.R.Civ.P. 32 required the district court to give notice of an anticipated variance from the Guideline range. The Supreme Court had previously held in *Burns v. U.S.*, 501 U.S. 129 (1991) that a departure from the then **mandatory** Guidelines regime required notice. The district court in *Irizarry* varied upward from the Guideline, and defense counsel objected to lack of notice. The district court rejected the objection, stating: "I think the law on that is out the window ... You had notice that the guidelines were only advisory and the court could sentence anywhere within the statutory range." 553 U.S. at 712.

The Supreme Court began its analysis by stating, "At the time of our decision in *Burns*, the Guidelines were mandatory....". *Id.* at 713. The Court in *Burns* was thus "confronted with the constitutional problems that might otherwise arise" if it did not require notice of an anticipated departure. *Id.* However, now that the Guidelines are

advisory, the court finds notice of a variance is not Constitutionally required and states:

> Any expectation subject to due process protection at the time we decided *Burns* that a criminal defendant would receive a sentence within the presumptively applicable Guideline range did not survive our decision in *United States v. Booker*, which invalidated the mandatory features of the Guidelines.  Now faced with advisory Guidelines, neither the Government nor the defendant may place the same degree of reliance on the type of 'expectancy' that gave rise to a special need for notice in *Burns*.

*Id.* at 713-714.  The court continues by stating the "due process concerns that motivated the Court to require notice in a world of mandatory Guidelines no longer provide a basis for this Court to extend the rule set forth in *Burns*." *Id*. at 714.

The Ninth Circuit has previously found the holding of *Irizarry* to be quite clear. In U.S. v. Cruz-Perez, 567 F.3d 1142 (9th Cir. 2009), a defendant challenged that he was sentenced above the Guidelines without adequate notice of variance/departure.  The Ninth Circuit cited to *Irizarry*, and stated the Supreme Court had "made clear" that any expectation subject to due process protection at the time of *Burns* had not survived *Booker*. *Id*. at 1146.  The Ninth Circuit stated: "Cruz-Perez's due process rights are not at issue." *Id.* at 1147.

This court finds the Due Process concerns underlying the Supreme Court's decision in *Johnson* are not implicated when a defendant is being sentenced under the advisory Guidelines, rather than subjected to an enhanced mandatory minimum sentence under the ACCA.  The enhancement provision of the ACCA, 18 U.S.C § 924(e)(1), applies to enhance the sentences of those persons who have violated 922(g), most commonly 922(g)(1) cases, felon in possession of a firearm.  When a defendant charged with being a felon in possession of a firearm comes to court, he would ordinarily have notice he is facing a statutory sentence of 0-to-10 years.  The statutory sentencing range remains 0-to-10 years, regardless of the Guideline calculation, and even if a defendant is found to have committed prior "crimes of violence" as defined by the Guidelines.  If a defendant chooses to plead guilty, he is again advised of the 10 year maximum and informed the court is not required to impose a sentence within the Guideline range.  The defendant has

ORDER - 13

a validly and legally enforceable expectation that his sentence will be no more than 10 years, regardless of the advisory Guideline calculation. The defendant does not have a legally enforceable right to be sentenced within a certain Guideline range, as the range is advisory and the court must also consider the § 3553(a) factors. See *Irizarry*, 553 U.S. at 713-14 (stating any expectation subject to due process protection that a criminal defendant would receive a sentence within the presumptively applicable Guideline range did not survive *United States v. Booker*); see also *Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015)("the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose.")

In contrast, an ACCA enhancement under 924(e)(1) operates to change the statutory range from 0-to-10 years to 15-years to life. Thus, the ACCA enhancement imposes a sentence not otherwise authorized by law. This distinction is important because 28 U.S.C. § 2255(a) allows a challenge based upon "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law...". In Welch v. United States, 578 U.S. __ (April 18, 2016), the Supreme Court stated: "Because the ordinary maximum sentence for felon in possession of a firearm is 10 years, while the minimum sentence under the Armed Career Criminal Act is 15 years, a person sentenced under the Act will receive a prison term **at least five years longer than the law otherwise would allow**." (Slip Op. at 1-2)(emphasis added). There is no danger of such occurrence when a defendant is being sentenced under an advisory guideline system. Application of the enhancement under the ACCA increased the penalty of the crime beyond the otherwise statutory maximum of 10 years. Application of USSG § 4A1.2 or 2K2.1 does not.

Neither the Ninth Circuit Court of Appeals or the Supreme Court has extended the rationale of *Johnson* to invalidate USSG 4B1.2(a)(2) in cases on collateral review. Accordingly, based on the current state of the law, Defendant has not established a

ORDER - 14

1    constitutional violation or right to relief.

2    **V. Conclusion**

3       Defendant brings his Motion pursuant to 28 U.S.C. § 2255(a). This statute, by its

4    plain terms, sets forth four available grounds for relief, as stated by the Supreme Court:

5      The statute states four grounds upon which relief may be claimed: (1) that the
sentence was imposed in violation of the Constitution or laws of the United States,

6      (2) that the court was without jurisdiction to impose such sentence, (3) that the
sentence was in excess of the maximum authorized by law, and (4) that the

7      sentence is otherwise subject to collateral attack.

8    *Hill v. United States*, 368 U.S. 424, 426-7 (1962). The Supreme Court in *Hill* stated

9    Congress enacted § 2255 to provide "a remedy exactly commensurate with that which

10    had previously been available by habeas corpus." *Id*. at 427. The Ninth Circuit Court of

11    Appeals has stated: "Because a § 2255 motion is commensurate with habeas relief, it may

12    only be used to collaterally attack a conviction and sentence upon the ground that the

13    sentence was imposed in violation of the Constitution or laws of the United States."

14    *United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

15       Defendant raises no argument that the court was without jurisdiction to impose

16    sentence. There is no argument the sentence was in excess of the maximum authorized

17    by law. Defendant's sentence was within the statutory range, and was in fact an

18    11(c)(1)(C) agreed sentence. Defendant is entitled to relief only if he can demonstrate

19    a constitutional violation. See *Berry*, 624 F.3d at 1038 ("The Supreme Court has

20    repeatedly stressed the limits of a § 2255 motion ... § 2255 may not be used as a chance

21    at a second appeal ... short of proof of actual innocence, claims solely based on new

22    evidence are generally not cognizable on habeas ... Rather, a motion under § 2255 must

23    be based on an independent constitutional violation.")

24       The Motion argues Defendant is "serving a sentence in violation of the U.S.

25    Constitution." (ECF No. 76, p. 1). Defendant argues his "sentence was imposed in

26    violation of the Constitution because it was predicated on the residual clause, the residual

27    clause is unconstitutionally vague, and imposing an increased sentence under the residual

28    ORDER - 15

clause violates the Constitution's guarantee of due process, citing *Johnson*. (ECF No. 76, p. 24). Defendant's argument rests on his contention "*Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause". (*Id*. at p. 26). Neither the Ninth Circuit Court of Appeals or the Supreme Court has held *Johnson*'s constitutional holding applies to the advisory Guidelines, and thus Defendant has failed to present the court with any controlling authority in support of his position. Defendant's Motion demonstrates only that <u>some</u> courts have applied *Johnson* to the Guidelines, the Supreme Court in *Beckles* <u>may</u> extend *Johnson* to the Guidelines, and if it does it <u>may</u> lower his Guideline calculation, which <u>could</u> result in a lower sentence. Such a speculative showing falls far short of that required for habeas relief. He has not demonstrated a constitutional violation, as required by § 2255(a), and is not entitled to relief.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Sentence (ECF No. 76) is **DENIED**.

2. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the showing. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A "substantial showing" includes demonstrating reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Id.* at 483-84. The court **GRANTS** a certificate of appealability on the following issues:

A. Does the constitutional holding of *Johnson* apply to invalidate the residual clause of USSG 4B1.2(a)(2)?

B. If *Johnson* does apply to the Sentencing Guidelines, does it apply retroactively to cases on collateral review?

C. If *Johnson* applies to the residual clause of 4B1.2(a)(2), what impact, if any,

ORDER - 16

does it have on the listed offenses, such as "kidnapping" and "forcible sex offenses" in Application Note 1 to USSG 4B1.2?  Are the listed offenses more appropriately considered per se "crimes of violence"?

**IT IS SO ORDERED**.  The Clerk shall enter this Order and furnish copies  to counsel.

Dated this 14th day of October, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 17