PROB 12C
(6/16)

Report Date: January 7, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2020

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: William Bacon                    Case Number: 0980 2:10CR00025-JLQ-1

Address of Offender: Unknown

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge

Date of Original Sentence: August 6, 2010

| | | |
|---|---|---|
| Original Offense: | Possession of a Stolen Firearm, 18 U.S.C. § 922(j) | |
| Original Sentence: | Prison - 120 Months;<br>TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Timothy John Ohms | Date Supervision Commenced: December 3, 2018 |
| Defense Attorney: | Lorinda Meier Youngcourt | Date Supervision Expires: December 2, 2021 |

## PETITIONING THE COURT

To issue a **WARRANT** and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 02/22/2019, 04/01/2019, 05/01/2019, and 08/12/2019.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Mandatory Condition #3**: The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.<br><br>**Supporting Evidence**: Mr. Bacon is alleged to have violated mandatory condition number 3 by ingesting methamphetamine on or about December 31, 2019, based on positive urinalysis testing.<br><br>On December 4, 2018, Mr. William Bacon signed his conditions relative to case number 2:10CR00025-JLQ-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Bacon was made aware by his U.S. probation officer that he was required to refrain from the use of illicit substances.<br><br>Specifically, on January 2, 2020, the random urinalysis drug test results were received from Pioneer Human Services with respect to their random urinalysis testing as previously conducted on December 31, 2019. The posted results reflected Mr. Bacon had submitted a random urinalysis sample for testing with the provider on December 31, 2019, and the |

Prob12C
Re: Bacon, William
January 7, 2020
Page 2

results reflected as being presumptive positive for amphetamine and methamphetamine. A drug use admission form was additionally received from the provider on the day in question in which the client signed his name acknowledging and admitting to his use of amphetamine and methamphetamine as previously occurring on or about December 28, 2019.

On January 7, 2020, lab confirmation was received relative to the urinalysis test as referenced herein and the results confirmed the urinalysis sample submitted by the client on December 31, 2019, was confirmed as being positive for amphetamine and methamphetamine.

6      **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: Mr. Bacon is alleged to have violated standard condition number 3 by failing to report to the U.S. Probation Office as directed on January 6, 2020.

On December 4, 2018, Mr. William Bacon signed his conditions relative to case number 2:10CR00025-JLQ-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Bacon was made aware by his U.S. probation officer that he was required to answer truthfully all inquiries by the U.S. probation officer and to follow all instructions given.

Specifically, on January 6, 2020, the undersigned officer received a text message from and later spoke telephonically with the client's housing manager who advised the client was late on his owed rent obligation and had been gone for 5 days, other than briefly and previously returning to gather some clothes after which he again departed the residence. On January 6, 2020, the client was both left a voice mail and sent a text message directing the client to contact the undersigned officer as soon as possible and specifically directing the client to contact the undersigned officer or report to the U.S. Probation Office prior to 12 p.m. on the day in question. As of the writing of this report, Mr. Bacon has failed to contact the undersigned officer or report as directed.

On January 7, 2020, a second text message was received from the client's housing manager who advised the client had traveled to the residence at some point "late last night after curfew" and had removed the remainder of his personal property from the residence. As a direct result of Mr. Bacon's conduct, his current whereabouts and his level of compliance with his conditions of supervised release as ordered by the Court is unknown to the undersigned officer.

7      **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: Mr. Bacon is alleged to have violated standard condition number 6 by removing all personal property from his assigned residence on or about January 6, 2020, not residing at his listed residence of record with the U.S. Probation Office, and by failing to contact his assigned officer with respect to any need on the part of the client to move from his residence of record.

On December 4, 2018, Mr. William Bacon signed his conditions relative to case number 2:10CR00025-JLQ-1, indicating he understood all conditions as ordered by the Court.

Prob12C
Re: Bacon, William
January 7, 2020
Page 3

>Specifically, Mr. Bacon was made aware by his U.S. probation officer that he was required to advise the undersigned officer at least 10 days in advance prior to any change in residence or employment.
>
>Specifically, on January 6, 2020, the undersigned officer received a text message from and later spoke telephonically with the client's housing manager who advised the client was late on his owed rent obligation and had been gone for 5 days, other than briefly and previously returning to gather some clothes after which he again departed the residence. Attempts by the undersigned officer to contact the client in an effort to direct the client to report to the U.S. Probation Office have since gone without response.
>
>On January 7, 2020, a second text message was received from the client's housing manager who advised the client had traveled to the residence at some point "late last night after curfew" and had removed the remainder of his personal property from the residence. As a direct result of Mr. Bacon's conduct, his current whereabouts and his level of compliance with his conditions of supervised release as ordered by the Court is unknown to the undersigned officer.
>
>At no time has Mr. Bacon advised the undersigned officer of any need to move from his residence of record as previously established with the U.S. Probation Office, and an inquiry has been lodged with the Spokane County Sheriff's Office to inquire about any notification received by the agency in an effort to update his sex offender registration as required.

8   **Special Condition #16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

>**Supporting Evidence**: Mr. Bacon is alleged to have violated special condition number 16 by failing to report for random urinalysis testing with the contract provider as required on January 3, 2020.
>
>On December 4, 2018, Mr. William Bacon signed his conditions relative to case number 2:10CR00025-JLQ-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Bacon was made aware by his U.S. probation officer that he was required to report for random urinalysis testing when his assigned color was called.
>
>Specifically, on January 6, 2020, the random urinalysis drug testing results were received from Pioneer Human Services with respect to their random urinalysis testing as previously conducted on January 3, 2020. The posted results reflected Mr. Bacon failed to appear for random urinalysis testing on the day in question when his assigned color was called.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and the Court issue a **WARRANT**.

Prob12C
Re: Bacon, William
January 7, 2020
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    January 7, 2020

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[X]    The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]    Defendant to appear before the Judge assigned to the case.
[X]    Defendant to appear before the Magistrate Judge.
[ ]    Other

Signature of Judicial Officer

1/8/2020

Date